Filed 2/18/22  P. v. Dominguez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093175 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F05226) |
| v. | |
| GABRIEL RICARDO DOMINGUEZ, | |
| Defendant and Appellant. | |

In 2010 defendant Gabriel Ricardo Dominguez was convicted of first degree murder.  At his trial, the prosecution argued defendant was guilty of murder under alternating theories of liability:  "deliberation and premeditation and aiding and abetting battery or assault with murder as the natural and probable consequence." (*People v. Dominguez* (June 27, 2012, C065762) [nonpub. opn.].)[1]

---

[1] On the court's own motion we take judicial notice of our prior unpublished opinion. (Evid. Code, §§ 452, subd. (d) & 459.)

1

In 2019, defendant sought resentencing pursuant to Penal Code, section 1170.95.[2] The trial court denied defendant's petition after issuing an order to show cause and holding an evidentiary hearing. The court found "[e]ven if the defendant was convicted under a natural and probable consequences theory by the jury, the defendant could still be convicted of 'first or second degree' murder today under the [Senate Bill No.] 1437 version of the law; because the facts of the case clearly show that he acted at least with implied malice."

Defendant now contends the trial court erred by applying an incorrect standard of proof at the hearing. We agree. Accordingly, we reverse and remand for a new hearing, at which the trial court shall apply the correct standard of proof.

BACKGROUND

In February 2010, defendant was charged with a concealed firearm offense and murder. At trial, "[t]he jury was instructed as to the murder on theories of both deliberation and premeditation and aiding and abetting battery or assault with murder as the natural and probable consequence." (*People v. Dominguez, supra*, C065762.)

"In closing argument, the People offered both theories to the jury. The defense argued the prosecution offered the aiding and abetting theory because it could not prove defendant was the actual killer. The defense argued that all defendant did was go to the fight, see someone punch his brother, punch the man who punched his brother, and leave. 'He's not aiding and abetting anybody else, he is punching a guy.' The defense focused on the varying descriptions of the stabber." (*People v. Dominguez, supra*, C065762.)

On June 24, 2010, the jury found defendant guilty of first degree murder and the trial court sentenced him to 25 years to life in state prison. We affirmed defendant's conviction and sentence on direct appeal. (*People v. Dominguez*, *supra,* C065762.) The

---

[2] Further undesignated statutory references are to the Penal Code.

Supreme Court denied defendant's petition for review. (*People v. Dominguez*, *supra*, C065762, review den. Sept. 26, 2012, S204568.)

On January 15, 2019, defendant filed a petition for resentencing under section 1170.95. The People moved to dismiss the petition. Defendant, through counsel, opposed the People's motion. The trial court concluded defendant made a prima facie showing of eligibility for relief, denied the People's motion to dismiss, and issued an order to show cause.

At the hearing on the order to show cause, the prosecution argued that based on the evidence submitted at trial "a reasonable jury could find that [defendant] was a direct aider and abettor, acted with implied malice and might have actually been the actual killer of the victim. . . . [¶] But the fact that the natural and probable consequence theory was concentrated on was a tactical decision, and that does not mean that [defendant] could not be convicted of murder as the law stands today." Defendant argued the court was not sitting as the 13th juror in his trial, but was required to "look to the record as a whole" and determine whether there was sufficient evidence "beyond a reasonable doubt" that defendant "could be guilty either as the person who murdered [the victim] or [a] major participant [who acted] with reckless indifference to human life . . . ."

The trial court understood its role was "not to go back and necessarily become a new finder of fact, you know, whether you agree or disagree with a jury's verdict, but I'm looking at this, and we see that [defendant] is convicted of first degree, and [the jury] hang[s] on the enhancements. So then isn't it my job to go back and look at the transcripts and whatever the People submit and say, could a reasonable jury convict him of first degree on the two theories beyond a reasonable doubt?" After further discussion with the parties, the court took the matter under submission.

On November 30, 2020, the trial court issued a written decision denying defendant's petition. In support of its decision, the trial court noted that "[a]t the very least, we know that the jury in this case found that the defendant aided and abetted the

3

assault with a deadly weapon or assault with force likely to produce great bodily injury." The court went on to explain that "[s]everal theories" were presented to the jury including direct aiding and abetting and the natural and probable consequences doctrine. And, the court emphasized, the People did not just argue the natural and probable consequences doctrine to the jury, but also argued "defendant committed a premediated and deliberated murder."

Thus, the court concluded, "Even if the defendant was convicted under a natural and probable consequences theory by the jury, the defendant could still be convicted of 'first or second degree' murder today under the [Senate Bill No.] 1437 version of the law; because the facts of the case clearly show that he acted at least with implied malice. The fact that implied malice was not directly argued to the jury was a tactical decision by a prosecutor to obtain a first degree murder conviction (which was the law at the time of the trial) and did not give the jury a reason to agree on a lesser verdict of second degree murder." On that basis, the trial court denied the petition.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2 & 3.) It also added section 1170.95, which provides a procedure by which those convicted of murder premised on either a felony murder or natural and probable consequences theory can petition for retroactive relief, if the changes in the law would affect their previously sustained convictions; that is, if "the petitioner could not be convicted of first or second

4

degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (Stats. 2018, ch. 1015, § 4; § 1170.95, subd. (a).)

Senate Bill No. 775 (2021-2022 Reg. Sess.) was signed into law on October 5, 2021, and clarifies that after an order to show cause has issued, at the evidentiary hearing "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (d)(3), as amended by Stats. 2021, ch. 551, § 2.) It further states, "[a] finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3), as amended by Stats. 2021, ch. 551, § 2.)

Here, the trial court expressed an understanding that it was not to act as an independent factfinder but to determine whether there was sufficient evidence for a reasonable jury to find defendant guilty of first or second degree murder. The court's discussion of the prosecutor's argument to the jury, along with the instructions given to the jury, further amplify the court's understanding that it was assessing the evidence relative to the jury's verdict. As a result, the court did not determine whether the People established beyond a reasonable doubt that defendant was guilty of first or second degree murder, but only that "the facts of the case clearly show that he acted at least with implied malice." This was error. (See § 1170.95, subd. (d)(3), as amended by Stats. 2021, ch. 551, § 2.)

The People argue any error was harmless. We decline the invitation to tackle the question of whether any error was harmless. The determination of whether defendant is eligible or ineligible for resentencing beyond a reasonable doubt is to be decided in the first instance by the superior court acting as fact finder and using the proper standard of proof.

DISPOSITION

The judgment is reversed.  The matter is remanded for a section 1170.95, subdivision (d)(3) hearing at which the prosecution bears the burden of proving defendant ineligible for relief beyond a reasonable doubt.


                                                       /s/
                                                       HOCH, J.



We concur:



 /s/
ROBIE, Acting P. J.



 /s/
RENNER, J.

6